J-S13035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIAM F. HARTMAN | |
| Appellant | No. 156 EDA 2016 |

Appeal from the Judgment of Sentence December 7, 2015
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0004506-2014

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

CONCURRING STATEMENT BY FITZGERALD, J.:     **FILED JULY 17, 2017**

I most reluctantly agree that Appellant's conviction and sentence under 42 Pa.C.S. § 9718.2 must be affirmed. However, I believe that the mandatory twenty-five to fifty year sentence is grossly disproportionate to the offenses committed by Appellant. Instantly, Appellant was found guilty for possession of four images of child pornography,[1] but was found not to be

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant previously pleaded guilty to one count of possessing child pornography and criminal use of a communication facility and was sentenced to six to twenty-three months' electronic home monitoring and a consecutive five years' probation. Because this was Appellant's second offense, Appellant possession of each image constituted a felony of the second degree, punishable by a maximum of five to ten years' imprisonment. **See** 18 Pa.C.S. § 6312(d.1)(2)(ii). However, the Section 9718.2 applies without regard to the grading of the offense. **See** 42 Pa.C.S. § 9718.2(b). Therefore, the twenty-five to fifty year sentence required by Section 9718.2 for a **single** count exceeded the maximum twenty to forty year sentence the

a sexually violent predator. Without further evidence that Appellant is a threat others or risks reoffending, I find no reasonable justification to imprison Appellant for a minimum of twenty-five years.[2] Thus, I believe that the application of the General Assembly's mandate, while required under Section 9718.2(d), is wholly inappropriate in this case.

P.J.E. Bender joins this concurring statement.

---

trial court could have imposed consecutively for all four counts had the Commonwealth not sought the mandatory minimum sentence.

[2] At an estimated cost of $36,000 per year, the taxpayers of this Commonwealth must also now bear at least $900,000 before Appellant becomes parole eligible.